# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BOLIAN, | 1:14-cv-01966-LJO-BAM (PC) |
| Plaintiff, | ORDER DISMISSING COMPLAINT WITH LEAVE TO AMEND |
| v. | (ECF No. 9) |
| IGBINOSA, et al., | THIRTY-DAY DEADLINE |
| Defendants. | |

## I. Screening Requirement and Standard

Plaintiff Bruce Bolian ("Plaintiff") is a state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 27, 2014. The matter was transferred to this Court on December 10, 2014. Plaintiff's complaint, filed on December 3, 2014, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not

required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)).  While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009).  The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard.  Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II.     Plaintiff's Allegations

Plaintiff is currently housed at the California Substance Abuse Treatment Facility in Corcoran, California.  Plaintiff names the following defendants:  (1) Dr. Igbinosa; (2) Officer S. Mishaud; (3) Officer Carlos; and (4) Sergeant R. Vealso.

Plaintiff alleges:  On April 14, 2014, Dr. Igbinosa interviewed Plaintiff regarding Plaintiff's medical issues.  During the interview, Plaintiff explained that he had been experiencing throbbing and sharp pain radiating down his spine, which affected his ability to walk and required him to use a cane.  Plaintiff requested back surgery due to chronic and substantial pain, which his medication did not alleviate.  Dr. Igbinosa reportedly stated that there was nothing wrong with Plaintiff's back and nothing to be done.

Plaintiff asserts that Dr. Igbinosa has fabricated her diagnosis regarding Plaintiff's x-rays, he has numerous x-rays to the contrary and he has seen an orthopedist on numerous occasions. Plaintiff complains that his plea to Dr. Igbinosa for adequate medical care was ignored.

Plaintiff further alleges that he has been overlooked by the entire medical clinic on F Yard and that staff members confiscated his wheelchair for no apparent reason.

On May 12, 2014, Plaintiff saw Dr. Igbinosa for triage and treatment.  Plaintiff made clear that the injection he had taken failed to alleviate his pain.

Plaintiff believes that Dr. Igbinosa and medical staff should be held liable for denying him adequate medical care.  Plaintiff asserts that he has MRI documents from numerous physicians that corroborate his statements regarding the failure to provide him with adequate medical care.  Plaintiff asserts that prison medical staff persons have denied him treatment with particular drugs despite repeated recommendations by outside orthopedists.  Plaintiff requests surgery and a neurologic examination to establish the extent and character of the nerve involvement.

### III.   Deficiencies of the Complaint

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim.  As Plaintiff is proceeding pro se, he will be given an opportunity to amend his complaint.  To assist him, Plaintiff is provided with the pleading and legal standards that appear applicable to his claims.  Plaintiff should amend only those claims that he believes, in good faith, are cognizable.

#### A. Pleading Requirements

##### 1. Federal Rule of Civil Procedure 8

Pursuant to Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a).  As noted above, detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Iqbal, 556 U.S. at 678 (citation omitted).  Plaintiff must set forth "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 555).  While factual allegations are accepted as true, legal conclusions are not. Id; see also Twombly, 550 U.S. at 556–557; Moss, 572 F.3d at 969.

Plaintiff's complaint is not a short and plain statement of his claims.  Plaintiff's factual allegations are not in chronological order and many of his assertions are conclusory statements without factual support.  It also is unclear whether Plaintiff is quoting from his medical records

or other source documents. Additionally, Plaintiff includes unnecessary statements of law. If Plaintiff chooses to amend his complaint, he should briefly and clearly state the facts giving rise to his claims for relief against the named defendants.

### 2. Linkage Requirement

The Civil Rights Act under which this action was filed provides:

> Every person who, under color of [state law] ... subjects, or causes to be subjected, any citizen of the United States ... to the deprivation of any rights, privileges, or immunities secured by the Constitution ... shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

42 U.S.C. § 1983. The statute plainly requires that there be an actual connection or link between the actions of the defendants and the deprivation alleged to have been suffered by Plaintiff. See Monell v. Dep't of Soc. Servs., 436 U.S. 658, 98 S.Ct. 2018, 56 L.Ed.2d 611 (1978); Rizzo v. Goode, 423 U.S. 362, 96 S.Ct. 598, 46 L.Ed.2d 561 (1976). The Ninth Circuit has held that "[a] person 'subjects' another to the deprivation of a constitutional right, within the meaning of section 1983, if he does an affirmative act, participates in another's affirmative acts, or omits to perform an act which he is legally required to do that causes the deprivation of which complaint is made." Johnson v. Duffy, 588 F.2d 740, 743 (9th Cir. 1978).

Plaintiff fails to link Officer S. Mishaud, Officer Carlos and Sergeant R. Vealso to any of his claims. If Plaintiff elects to amend his complaint, he must allege what each individual defendant did or did not do that resulted in a violation of his constitutional rights.

### B. Legal Standards

### 1. Appeals Processing

According to the exhibits attached to Plaintiff's complaint, Dr. Igbinosa interviewed Plaintiff during the grievance process. (ECF No. 9-2, p. 1.) To the extent Plaintiff seeks to impose liability against Dr. Igbinosa with respect to the outcome of his grievance, he cannot state a cognizable section 1983 claim. Plaintiff cannot pursue any claims against staff relating to processing and review of his inmate appeals. The existence of an inmate appeals process does not create a protected liberty interest upon which Plaintiff may base a claim that he was denied a particular result or that the appeals process was deficient. Ramirez v. Galaza, 334 F.3d 850, 860

(9th Cir. 2003); Mann v. Adams, 855 F.2d 639, 640 (9th Cir. 1988). To state a claim under section 1983, Plaintiff must demonstrate personal involvement in the underlying violation of his rights, Iqbal, 556 U.S. at 677; Jones v. Williams, 297 F.3d 930, 934 (9th Cir. 2002), and liability may not be based merely on Plaintiff's dissatisfaction with the administrative process or a decision on an appeal, Ramirez, 334 F.3d at 860; Mann, 855 F.2d at 640.

### 2. Eighth Amendment – Medical Care

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

Here, Plaintiff's allegations regarding his medical care lack sufficient factual information to support a claim. According to exhibits attached to his complaint, there was no medical indication for a wheelchair, MRI or surgery, and Plaintiff was provided with treatment for pain, including steroid injections. (ECF No. 9, pp. 31, 36-39; ECF No. 9-2, p. 2, 7). To the extent Plaintiff merely disagrees with the course of treatment for his back pain, he cannot state a cognizable Eighth Amendment claim. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

### 3. State Law Claims

Insofar as Plaintiff is attempting to pursue state law claims for negligence or medical malpractice, he has failed to allege necessary compliance with the Government Claims Act.

The Government Claims Act requires that a tort claim against a public entity or its employees be presented to the California Victim Compensation and Government Claims Board no more than six months after the cause of action accrues. Cal. Gov't Code §§ 905.2, 910, 911.2, 945.4, 950–950.2. Presentation of a written claim, and action on or rejection of the claim, are conditions precedent to suit. Shirk v. Vista Unified Sch. Dist., 42 Cal.4th 201, 208–09, 64 Cal.Rptr.3d 210, 164 P.3d 630 (Cal.2007); State v. Superior Court of Kings Cnty. (Bodde), 32 Cal.4th 1234, 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116 (Cal.2004); Mabe v. San Bernardino Cnty. Dep't of Pub. Soc. Servs., 237 F.3d 1101, 1111 (9th Cir.2001); Mangold v. California Pub. Utils. Comm'n, 67 F.3d 1470, 1477 (9th Cir.1995). To state a tort claim against a public employee, a plaintiff must allege compliance with the Government Claims Act. Shirk, 42 Cal.4th at 209, 64 Cal.Rptr.3d 210, 164 P.3d 630; Bodde, 32 Cal.4th at 1239, 13 Cal.Rptr.3d 534, 90 P.3d 116; Mangold, 67 F.3d at 1477; Karim–Panahi v. Los Angeles Police Dep't, 839 F.2d 621, 627 (9th Cir.1988).

### IV. Conclusion and Order

Plaintiff's complaint fails to comply with Federal Rule of Civil Procedure 8 and fails to state a cognizable claim upon which relief may be granted under section 1983.  The Court will provide Plaintiff with an opportunity to amend his complaint to cure the identified deficiencies. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Plaintiff's amended complaint should be brief, Fed. R. Civ. P. 8(a), but must state what each named defendant did that led to the deprivation of Plaintiff's constitutional or other federal rights. Iqbal, 556 U.S. at 676.  Plaintiff also must set forth "sufficient factual matter . . . to 'state a claim that is plausible on its face.'"  Id. at 678 (quoting Twombly, 550 U.S. at 555).

Additionally, Plaintiff may not change the nature of this suit by adding new, unrelated claims in his first amended complaint. George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (no "buckshot" complaints).

Finally, Plaintiff is advised that an amended complaint supersedes the original complaint. Lacey v. Maricopa Cnty., 693 F.3d 896, 927 (9th Cir. 2012). Therefore, Plaintiff's amended complaint must be "complete in itself without reference to the prior or superseded pleading." Local Rule 220.

Based on the foregoing, it is HEREBY ORDERED that:

1. The Clerk's Office shall send Plaintiff a complaint form;

2. Plaintiff's complaint is dismissed for failure to comply with Federal Rule of Civil Procedure 8 and for failure state a cognizable section 1983 claim.

3. Within thirty (30) days from the date of service of this order, Plaintiff shall file a first amended complaint; and

4. **If Plaintiff fails to comply with this order, the Court will dismiss this action for failure to obey a court order and for failure to state a claim.**

IT IS SO ORDERED.

Dated: **June 8, 2015**                    /s/ *Barbara A. McAuliffe*
                                           UNITED STATES MAGISTRATE JUDGE