# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRUCE BOLIAN,<br><br>    Plaintiff,<br><br>    v.<br><br>IGBINOSA, et al.,<br><br>    Defendants. | 1:14-cv-01966-LJO-BAM (PC)<br><br>FINDINGS AND RECOMMENDATIONS REGARDING DISMISSAL OF ACTION FOR FAILURE TO STATE A CLAIM<br><br>FOURTEEN-DAY DEADLINE |

### I. Screening Requirement and Standard

Plaintiff Bruce Bolian ("Plaintiff") is a former state prisoner proceeding pro se and in forma pauperis in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff initiated this action on October 27, 2014. The matter was transferred to this Court on December 10, 2014. On June 9, 2015, the Court dismissed Plaintiff's complaint with leave to amend. (ECF No. 17.) Plaintiff's amended complaint, filed on June 22, 2015, is currently before the Court for screening.

The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity and/or against an officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief. . . ." Fed. R. Civ. P. 8(a)(2). Detailed factual allegations are not required, but "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." Ashcroft v. Iqbal, 556 U.S. 662, 678, 129 S.Ct. 1937, 1949 (2009) (citing Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555, 127 S.Ct. 1955, 1964-65 (2007)). While a plaintiff's allegations are taken as true, courts "are not required to indulge unwarranted inferences." Doe I v. Wal-Mart Stores, Inc., 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and citation omitted).

To survive screening, Plaintiff's claims must be facially plausible, which requires sufficient factual detail to allow the Court to reasonably infer that each named defendant is liable for the misconduct alleged. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss v. United States Secret Service, 572 F.3d 962, 969 (9th Cir. 2009). The sheer possibility that a defendant acted unlawfully is not sufficient, and mere consistency with liability falls short of satisfying the plausibility standard. Iqbal, 556 U.S. at 678, 129 S.Ct. at 1949 (quotation marks omitted); Moss, 572 F.3d at 969.

## II. Plaintiff's Allegations

Plaintiff is a former state prisoner. The events in the amended complaint are alleged to have occurred while Plaintiff was housed at the California Substance Abuse Treatment Facility in Corcoran, California. Plaintiff names the following defendants: (1) Dr. Igbinosa; (2) Officer S. Mischaud; (3) Officer Carlos; (4) Sergeant R. Velasco; and (5) Nurse Belantes.

Plaintiff alleges: On May 14, 2014, Plaintiff was called to report to the F-Facility Clinic. He was approached by Officer Mischaud, who wanted Plaintiff's wheelchair. Nurse Belantes also said to get out of the wheelchair. At that time, Dr. Igbinosa's door was open. Plaintiff said to her that he could not walk, she knew his medical condition, and to please inform other staff about his physical condition. She stated that she was not going to get involved with officers. Thereafter, Officer Carlos asked if Plaintiff heard Officer Mishaud say get out of the wheelchair. Plaintiff said he could not because he can't walk. Plaintiff asked to speak with someone higher up and wheeled himself to the custody staff office. He was followed by Officers Mishaud and

Carlos. Plaintiff spoke with Sergeant Velasco, who stated that he wished to hear what his officers had to say about Plaintiff being the wheelchair. Plaintiff said he had a bad back and bad hips. Plaintiff also said he could not walk and that was why he was in the wheelchair. He told Sergeant Velasco that he could check Plaintiff's medical records and see for himself. All three officer told Plaintiff to get out of the wheelchair or he would be forced out and end up in lockup. After the taking of his wheelchair, Plaintiff fell. He was injured on his forehead, bridge of his nose, upper and lower lips. He lost his front teeth and his face was disfigured.

Plaintiff alleges deliberate indifference to his medical needs and seeks to recover for injuries reportedly sustained in his fall.

### III. Discussion

While the Eighth Amendment of the United States Constitution entitles Plaintiff to medical care, the Eighth Amendment is violated only when a prison official acts with deliberate indifference to an inmate's serious medical needs. Snow v. McDaniel, 681 F.3d 978, 985 (9th Cir. 2012), overruled in part on other grounds, Peralta v. Dillard, 744 F.3d 1076, 1082-83 (9th Cir. 2014); Wilhelm v. Rotman, 680 F.3d 1113, 1122 (9th Cir. 2012); Jett v. Penner, 439 F.3d 1091, 1096 (9th Cir. 2006). Plaintiff "must show a serious medical need by demonstrating that failure to treat [his] condition could result in further significant injury or the unnecessary and wanton infliction of pain," and (2) that "the defendant's response to the need was deliberately indifferent." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). Deliberate indifference is shown by "(a) a purposeful act or failure to respond to a prisoner's pain or possible medical need and (b) harm caused by the indifference." Wilhelm, 680 F.3d at 1122 (citing Jett, 439 F.3d at 1096). The requisite state of mind is one of subjective recklessness, which entails more than ordinary lack of due care. Snow, 681 F.3d at 985 (citation and quotation marks omitted); Wilhelm, 680 F.3d at 1122.

The crux of Plaintiff's amended complaint is that Defendants were deliberately indifferent to his need for a wheelchair. According to exhibits attached to the complaint, Plaintiff reportedly fell the day after his wheelchair was taken, on May 15, 2014. (ECF No. 18 at 9, 11, 13.) Critically, however, these exhibits contradict Plaintiff's allegations that he could not

walk and required a wheelchair. Indeed, on May 8, 2014, a physician order indicates that Plaintiff was to discontinue the temporary wheelchair as there was "[n]o indication for use of wheelchair." Plaintiff was noted to be doing okay and walking well. (ECF No. 18 at 24.) On May 12, 2014, progress notes indicated that Plaintiff was using a cane, but reportedly wanted a wheelchair because he could not walk. Plaintiff reportedly was seen last week in the clinic with a wheelchair and "was heard arguing with the officers because he refused to return the wheel chair even though he had been seen in the clinic since after he was supposed to turn in the wheelchair and he was walking OK with a cane." (ECF No. 18 at 21.) Plaintiff was noted to ambulate "well with a cane; steady gate," he was "observed walking out of the clinic and showed no apparent discomfort," his physical examination was "unremarkable" and there was "[n]o indication for wheelchair as requested by the inmate." (Id.) Plaintiff was offered a walker for longer distances. (Id.) As there was no indication Plaintiff had a medical need for a wheelchair, Defendants could not have been deliberately indifferent.

Additionally, Plaintiff's medical records indicate that there was no medical indication for back surgery and Plaintiff was provided treatment for pain, including steroid injections. (ECF No. 18 at pp. 19, 21.) To the extent Plaintiff merely disagrees with the course of treatment for his back pain, he cannot state a cognizable Eighth Amendment claim. A prisoner's mere disagreement with diagnosis or treatment does not support a claim of deliberate indifference. Sanchez v. Vild, 891 F.2d 240, 242 (9th Cir.1989).

**IV. Conclusion and Recommendation**

Plaintiff's complaint fails to state a cognizable claim upon which relief may be granted under section 1983. The deficiencies identified by the Court cannot be cured by amendment. Therefore, further leave to amend is not warranted. Lopez v. Smith, 203 F.3d 1122, 1130 (9th Cir. 2000).

Based on the foregoing, it is HEREBY RECOMMENDED that this action be dismissed for failure to state a cognizable claim upon which relief may be granted under section 1983.

These findings and recommendations will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within

4

**fourteen (14) days** after being served with these findings and recommendations, Plaintiff may file written objections with the Court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. Wilkerson v. Wheeler, 772 F.3d 834, 839 (9th Cir. 2014) (citing Baxter v. Sullivan, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated: **January 28, 2016**          /s/ Barbara A. McAuliffe
                                     UNITED STATES MAGISTRATE JUDGE